## WARNER et al. v. T. E. COLLINS TRUCK-ING CO. et al.

### Civil Action No. 1714.

District Court, W. D. Louisiana,
Shreveport Division.

May 15, 1946.

A. H. Broyles, of Shreveport, La., for plaintiffs.

Robt. L. Garrett, of Shreveport, La., and Jno. E. Benckenstein, of Beaumont, Tex., for defendants.

DAWKINS, District Judge.

Plaintiffs claim overtime and penalties under the Fair Labor Standards Act of June 25, 1938, 52 Stat. 1060, 29 U.S.C.A § 201 et seq., for their services as truck drivers for the defendant company. They allege that they were employed by defendant as drivers of trucks "transporting goods (oil well machinery) for interstate commerce" between the states of Alabama, Arkansas, Louisiana, Mississippi, and Texas, "said equipment and machinery being transported in interstate commerce"; that they were covered by the Fair Labor Standards Act, and did not come "within any of the exemptions provided for by law or by rules and regulations promulgated by those charged by law to promulgate such rules and regulations * * *"; that they worked in excess of forty hours per week, and are entitled to time and one-half for overtime, double for Sundays and holidays, and as a penalty, should recover twice the total amount, plus a reasonable attorney's fee, for all of which they ask judgment. They attach and make part of their petition schedules called "A" and "B," purporting to show respectively the weeks during which they worked, the hours worked per week and the rate per hour which they claim they should have been paid.

Defendant has filed a motion to dismiss for the reason that on the face of the complaint, plaintiffs show themselves to be under the jurisdiction of the Interstate Commerce Commission and not governed by the Fair Labor Standards Act. In the alternative they ask for a bill of particulars.

Plaintiffs allege that all the information and records covering the hours and types of work, that is, whether in intra or interstate trips, are in the possession of defendant, but they specifically allege that they come under the Fair Labor Standards Act and are not affected by any exemptions.

Of course, these are legal conclusions. If their employers were either common carriers or contract carriers engaged regularly in the business of hauling oil well machinery in interstate commerce, that is, from one state to another, as plaintiffs allege, they and their employees, come under the jurisdiction of the Interstate Commerce Commission and are not governed by the Fair Labor Standards Act.

■ I am of the opinion, therefore, that before passing on the motion to dismiss, the particulars called for should be furnished in order that it may be determined by which law these plaintiffs and their employers are governed. If they do not have all the information needed to furnish a bill of particulars as to the matters called for by defendant, then they have the remedies provided by the Rules of Civil Procedure to compel the defendant to supply any records or other information to permit them to allege the facts required for a proper determination of whether they should be permitted to proceed with this suit or should seek recourse under some other law in some other forum.

The motion for a bill of particulars will therefore be granted as prayed for.

Proper decree should be presented.